REQUESTED BY: Dear Senator Haberman:
In your letter of October 25, 1979, you state that you are in the process of having a bill drafted to increase the tax on pari-mutuel wagering.
You state that you understand that the tax from the Lincoln races goes into the State Fairgrounds Building Fund, and is used to finance capital improvements at the State Fairgrounds. In substance you are correct, although in form these funds are appropriated from the General Fund. Section2-1208.01, R.R.S. 1943, imposes the tax on pari-mutuel wagering, and provides that the tax shall be paid into the General Fund. Section 2-128, R.R.S. 1943, provides:
 "There is hereby appropriated from the state General Fund to the Nebraska State Fairgrounds Building Fund from the gross sum wagered by the pari-mutuel method at race meetings conducted by the Nebraska State Board of Agriculture five per cent of any amount in excess of one million dollars, which amount is hereby appropriated to such fund for each fiscal year beginning with the fiscal year commencing July 1, 1974 and continuing for each fiscal year thereafter until June 30, 1994."
As you will note, this is an appropriation out of the General Fund, the amount of which is measured by the amount of tax generated at the Lincoln races. You will also note that each session of the Legislature appropriates this sum to the Nebraska State Fairgrounds Building Fund, and that section 2-128 is not self-executing. See section 19 of LB 593, Eighty-sixth Legislature, First Session (1979).
Your question is whether part of the money now raised, or the increase you propose, can be earmarked for State Aid to Schools. We conclude that it can. As the court said inEvans v. Metropolitan Utilities District, 187 Neb. 261,188 N.W.2d 851 (1971), the state Constitution is not a grant, but a restriction on legislative power, and the taxing power is vested in the Legislature without limit, except as prescribed in the Constitution. We know of no constitutional restriction on the power of the Legislature to tax parimutuel wagering.
The only restriction we are aware of with respect to the disposition of the proceeds of a tax is that it must be for a public purpose. Clearly State Aid to Schools is a public purpose, since Article VII, section 1, of the Constitution requires the Legislature to provide for the free instruction in the common schools of all persons between the ages of five and twenty-one years. There is no constitutional requirement of a direct connection between the activity taxed and the use to which the tax is put.
The earmarking you mention could be accomplished either by a provision similar to that contained in section 2-128, or by a provision that the earmarked portion of the tax should be paid directly into a special fund in the hands of the State Treasurer, which fund could annually be appropriated to the purpose you have in mind.